UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATRICIA ANN ANCHONDO,<br><br>Defendant. | No. 2:17-cr-00037-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Patricia Ann Anchondo's ("Defendant") Motion for Early Termination of Supervised Release. (ECF Nos. 59, 64.) The Government filed an opposition. (ECF No. 61.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///
///
///

1

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In March 2017, Defendant pleaded guilty to mail fraud in violation of 18 U.S.C. §§ 2, 1344(1) and (2); aggravated identify theft in violation of 18 U.S.C. § 1028(A)(a)(1); possession of 15 or more access devices in violation of 18 U.S.C. § 1029(a)(3); and possession with intent to distribute at least 5 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  (ECF No. 61 at 3.)  In July 2017, Defendant was sentenced to 101 months of imprisonment followed by a 60-month term of supervised release and ordered to pay a $400 special assessment and $25,720.47 in restitution.  (ECF No. 37.)  Defendant's term of supervised release is set to expire on March 13, 2028.  (ECF No. 61-1 at 2.)

On July 14, 2025, Defendant filed a *pro se* motion for early termination of supervised release.  (ECF No. 60.)  On July 23, 2025, the Government filed an opposition.  (ECF No. 61.)  That same day, Defense counsel requested appointment of counsel for Defendant.  (ECF No. 62.)  Due to the request, the Court allowed supplemental briefing.  (ECF No. 63.)  On July 28, 2025, Defendant filed a supplemental motion for early termination of supervised release.  (ECF No. 64.)

## II.   STANDARD OF LAW

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)."  *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014).  "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'"  *Id.* (quoting 18 U.S.C. § 3583(e)(1)).  Defendant has the burden to demonstrate that early termination of supervised release is justified.  *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

## III.   ANALYSIS

Defendant argues early termination of supervised release is appropriate due to her rehabilitation, sobriety, dedication to work, and connection to her family.  (ECF No. 64 at 5.)  Defendant contends while on supervised release, she graduated from the Medical Assistant Program at the Southern California Health Institute, obtained a full-time job in that field, and continued to train in her field by obtaining ongoing certifications to improve her work and make

her more employable. (*Id.* at 2.) Defendant points to her Probation Officer's acknowledgment that "there is no question that [Defendant] has complied with the conditions of her supervision." (*Id.* at 5 (citing ECF No. 61-1 at 3).) Defendant's Probation Officer further stated that throughout the term of supervision, Defendant provided 31 drug tests, all of which returned negative for the use of illicit substances and submitted consistent monthly restitution payments. (ECF No. 61-1 at 3.)

In opposition, the Government argues the following factors do not support early termination of supervised released: the nature and circumstances of the offense, the history and characteristics of Defendant, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of Defendant. (ECF No. 61 at 4.) The Government notes that Defendant's 12 criminal convictions are noteworthy not just for the quantity but also because her criminal history is replete with revocations of parole and violations of probation. (*Id.*) The Government points to Defendant's Probation Officer's opposition to the early termination of Defendant's supervised release which is based on the circumstances of the underlying offense, Defendant's prior criminal history, and the outstanding restitution balance. (*Id.* at 4–5; ECF No. 61-1 at 3.)

The Court has carefully considered the subset of 18 U.S.C. § 3553(a) factors listed in 18 U.S.C. § 3583(e). The most compelling factor weighing against early termination is Defendant's extensive criminal history. While Defendant's criminal history is concerning, the convictions appear to have been connected to her addictions and troubled past. Defendant has persuaded the Court that other factors outweigh her criminal history and support early termination of supervised release. Defendant has had no violations for over two years, has submitted over 31 negative drug tests, and has made substantial efforts to reintegrate herself into society.

In sum, the Court concludes that the relevant factors weigh in favor of granting Defendant's request for early termination of supervised release.

///

///

///

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release is hereby GRANTED. (ECF Nos. 59, 64.)

IT IS SO ORDERED.

Date: August 13, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE